The opinion of the Court was delivered by

Mr. Justice Colcock.

Upon the first ground, little need be said. I think it must bp the first time that ever a claim of salvage was set up for tak* ing up a drifted canoe. Salvage is a reward for saving a vessel or cargo abandoned at sea or shipwrecked. But if the cause-had been a subject of salvage, the first point to be decided would be, that the defendant had saved the canoe. Now the only testimony on this point was, that the witness saw a canal boat high and dry on Lightwood’s Island, which he seemed to say, or which it was contended, was the canoe in question. The jury were, however, to determine on this point. 1 suppose they viewed it as I did, 'as a feeble effort of the. defendant to shew that he came properly into the possession of the boat. On the second ground, the law is equally clear against the defendant; where goods are placed in the hands of a person which he is obliged to receive, there he is entitled to retain them for his indemnity; upon which principle it is that common carriers and inn-keepers have a lien on the goods delivered to them. So if work is to be done or performed, and there is no special agreement as to price, they may be retained. But here, it is not even pretended that the boat was placed in defendant’s hands; his only pretence is that he found her adrift. Now this would not give him a right to repair, not even if it was a subject of salvage. The subsequent agreement to pay $40 might have entitled the defendant to an action for so much, hut did not give him a lien. The third' ground is disposed of by shewing that the defendant had no lien on the boat. But little was said on ~ this point; for the conversion was too clear to admit a- doubt. The taking was unauthorized, and consequently the sale illegal. As to the last ground, one witness swore that the boat was worth .ft 50, or $200, and of course the jury are authorized by that evidence to find the verdict. But I have no doubt they thought the defendant’s conduct improper and vexatious, and were^ *135 therefore, disposed to make him pay the full amount of damages which the plaintiff had sustained. The motion is dismissed.